Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-55-ELG |
| | ) | (Chapter 11) |
| ENOVATIONAL CORP. | ) | |
| | ) | |
| Debtor. | ) | |

**FOURTH INTERIM APPLICATION OF THE BELMONT FIRM FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Come now Maurice B. VerStandig and The Belmont Firm (collectively, "TBF"), counsel for Enovational Corp. ("Enovational" or the "Debtor"), pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016, and Local Rule 2016-1, and apply to this Honorable Court for allowance of interim compensation of $17,360.00 in attorneys' fees and $79.11 in expenses, and in support thereof state as follows:

**I.     Introduction**

This is a large subchapter V bankruptcy where Enovational has successfully confirmed a plan of reorganization following months of operation as a going concern while interfacing with its creditor body and undertaking negotiations with a major asset purchaser. Before closing on that asset sale, the Debtor was in the business of developing critical consumer-facing platforms for a

1

variety of state actors, with such work punctuated by notable achievements helping citizenry register for COVID-19 vaccinations.

This fee application covers the time spanning from February 1, 2023 through November 26, 2023. During this period, Enovational was chiefly focused on an adversary proceeding against the State of Maryland, punctuated by efforts attendant to defending a motion to dismiss the action, the commencement of discovery, drafting discovery requests, organizing a vast swath of documents for production, identifying document production needs, and advancing litigation strategy. The period covers additional matters of concern, however, including (i) facilitating a second distribution to creditors; (ii) addressing a DC Superior Court lawsuit that appears to be advancing in contravention of the automatic stay; (iii) working with an asset purchaser to secure the release of monies from escrow; and (iv) continuing to interface with creditors and stakeholders.

This application seeks $17,360.00 in legal fees and $79.11 in reimbursable expenses, for a total of $17,439.11. Enovational is holding sufficient funds in both its operating account and a disbursement account maintained by the Subchapter V trustee to cover these expenses and fees.

## II.    Local Rule 2016-1 Recitations

1.    The work performed for which compensation is sought was carried out by Maurice VerStandig.

2.    Billing records for the time worked, containing descriptions of each task and the correlative time expended, are appended hereto as Exhibit A.

3.    Payment is requested at the rate of $400 per hour for Maurice VerStandig.

4.    The order authorizing VLF's employment was docketed on April 21, 2022. DE #91.

5.    A discussion of criteria relevant to determining the compensation to be awarded is set forth *infra*.

6.      By signing this application, undersigned counsel certifies that (i) he believes the fees and costs for which reimbursement is sought are reasonable for the work performed; and (ii) this application is true and accurate.

### III.    Rule 2016 Recitations

a.      A prior fee application was filed for the time period spanning from the petition date through April 30, 2022, with fees and expenses being allowed in the sum of $33,097.98 and paid out of a pre-petition retainer held by TBF. A second interim fee application was filed for the time period spanning from May 1, 2022 through October 5, 2022, with fees and expenses being allowed in the aggregate sum of $77,822.61. A third interim fee application was filed for the time period spanning October 6, 2022 through January 31, 2023, with fees being allowed in the sum of $16,036.00 (and with no expenses being included therein). Additionally, fees in the amount of $10,515.00 were drawn pre-petition from the same retainer.

b.      No fees previously received have been shared, and there is no agreement or understanding exists between TBF and any other entity for the sharing of compensation received or to be received for services rendered in – or in connection with – the case, except that it should be observed fees collected have been used to pay the ordinary payroll obligations of TBF; no such payroll obligations are dependent upon the collection of fees in this case, however, and none are correlative to fees collected in this case.

### IV.    Categorization of Time Entries

In accord with guidelines promulgated by the United States Trustee, TBF recorded all time in this matter in project categories. The time recorded – and compensation requested – for each such project category is as follows:

    a.   Business Operations – .1 Hour - $40.00

    b.   Case Administration – 6.7 Hours - $2,680.00

    c.   Maryland Adversary Proceeding – 36.6 Hours - $17,360.00

## V.    Discussion of Criteria (Local Rule 2016-1(b)(5))

The prevailing standard for analysis of a fee application is the "lodestar" method by which the hourly rates of counsel, the hours expended by counsel, and adjustments dictated by equitable considerations, are considered in turn. Application of this standard well supports granting the instant application.

As this Honorable Court has observed in connection with this circuit's "lodestar" standard:

> In this Circuit, to determine the reasonableness of fees, applications for compensation are analyzed under a three-part process that determines a "lodestar"—consisting of (1) the reasonable hourly rate for each person for whom compensation is requested, and (2) the number of hours reasonably expended by each such person—and then determines (3) any adjustments warranted to the lodestar. Factors relevant to each person's reasonable hourly rate include, at minimum (1) the person's "billing practices," i.e., the actual non-reduced rate they have charged or could have realistically charged clients; (2) their skill, experience, and reputation in bankruptcy; and (3) prevailing market rates in the community.

*In re Taiwo*, 2021 WL 850533, at *4 (Bankr. D.D.C. 2021) (citing *Makray v. Perez*, 159 F. Supp. 3d 25, 30 (D.D.C. 2016) (citing *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015); *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 61 (D.C. Cir. 2015)); 11 U.S.C. § 330(a)(3); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *Covington v. District of Columbia*, 57 F.3d 1101, 1107-08 (D.C. Cir. 1995)).

Compensation for efforts expended by Maurice VerStandig ("Mr. VerStandig") is sought at the rate of $400 per hour. Mr. VerStandig is a *cum laude* graduate of the University of Miami School of Law, has a dozen years of insolvency-related legal experience, and charges a standard hourly rate of between $400 and $500 per hour while charging a significantly higher rate for certain niche work advising domestic and international entities in connection with the financing of bespoke gambling operations. His fees have been approved by one federal court at the rate of $500

per hour, in connection with a case where he served as class counsel. *See, Leong, et al. v. Crown NJ Gaming, Inc.,* Case No. 1:19-cv-12424 (D. N.J. 2019).

Mr. VerStandig is a coordinating editor of the *ABI Journal*, has represented debtors ranging from law firms to real estate investment entities in Chapter 11 proceedings, serves as outside bankruptcy counsel to some of the largest private lenders in the Washington, DC area, and oversees a consumer bankruptcy practice representing individuals in the District of Columbia, Maryland, Virginia, and North Dakota. He is presently counsel of record in 44 active cases pending in this Honorable Court, has an AV rating from Martindale-Hubbell, and submits $400 per hour is a reasonable rate to be charged for his services in this case.

Concerning the reasonable hours expended, the records attached hereto as Exhibit A show each time entry incurred in connection with this matter during the relevant billing period. This is a large Subchapter V case and one that has occasioned myriad eccentricities throughout its duration, with appropriate care and attention being necessitated at each turn. Respectfully, the firm does believe all efforts undertaken in connection with this case to have been necessary and reasonable in nature.

Finally, it is urged no adjustments are warranted in the prism of this case. The rates charged by TBF are notably lower than those of comparable practitioners in the market, the efforts of TBF – in connection with those of the Subchapter V Trustee, the United States Trustee, and counsel for major creditors, as well as those of the lay staff of Enovational and its exceedingly committed equity interest – have led to a viable plan being confirmed herein together with a large adversary proceeding surviving a motion to dismiss and advancing into the early stages of discovery. The fees instantly sought are relatively modest when juxtaposed to the macroscopic financial considerations of this case. Moreover, while the hourly rates of counsel for the various creditors

herein are necessarily not disclosed absent unusual circumstances, it bears notation that most such attorneys are affiliated with large firms and very likely charge rates well in excess of those maintained by Mr. VerStandig. It also bears notation that Mr. VerStandig has not raised his rate in this case even though the majority of his "new" Chapter 11 cases involve employment agreements at higher rates. This case has commanded legal work, on the part of myriad parties, at a high level, and TBF respectfully submits the fees sought instantly are more than reasonable in light of that level of work.

### VI.    Conclusion

WHEREFORE, Maurice Belmont VerStandig and The Belmont Firm respectfully pray this Honorable Court (i) approve and ratify the fees and expenses sought herein in the gross sum of $17,439.11, being comprised of $17,360.00 in legal fees and $79.11 in out-of-pocket expenses; (ii) afford The Belmont Firm an allowed administrative expense claim in the amount of $17,439.11 (iii) permit that claim to be paid by the Debtor or the Subchapter V Trustee (in his capacity as a disbursing agent) without further order of court; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 29, 2023          By:     /s/ Maurice B. VerStandig
                                          Maurice B. VerStandig, Esq.
                                          Bar No. MD18071
                                          The Belmont Firm
                                          1050 Connecticut Avenue, NW, Suite 500
                                          Washington, DC 20036
                                          Phone: (202) 991-1101
                                          mac@dcbankruptcy.com
                                          *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of November, 2023, a copy of the foregoing was served electronically upon filing via the ECF system. Notice of this application, attached hereto, is additionally being served by US Mail, postage prepaid, on all parties on the attached mailing matrix, though neither this application nor the time records appended hereto are being served through such means.

.

/s/ Maurice B. VerStandig
Maurice B. VerStandig