Marc. E. Albert, No. 345181
Stinson LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Tel: (202) 728-3023
Fax: (202) 572-9943
marc.albert@stinson.com
*Subchapter V Trustee*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 22-00055-ELG |
| Enovational Corp., | ) ) | Chapter 11 (Sub V) |
|  | ) ) |  |
| Debtor. | ) ) |  |

**TRUSTEE'S FOURTH INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES TO SUBCHAPTER V TRUSTEE FOR THE PERIOD FROM OCTOBER 1, 2023 THROUGH SEPTEMBER 30, 2024**

Marc E. Albert, the Chapter 11 Subchapter V Trustee for the bankruptcy estate of Enovational Corp. (the "Trustee" or "Applicant"), hereby requests entry of an order approving compensation incurred for the period from October 1, 2023 through September 30, 2024 (the "Application Period") as Trustee in this case under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Applicant submits this application pursuant to §§ 503, 330(a), and 331 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2016, and respectfully states as follows:

**I.    BACKGROUND**

The Debtor is a corporation formed pursuant to the laws of the District of Columbia, and, prior to sale of the business in this bankruptcy, operated to help business and government agencies build web and mobile applications. The Debtor filed its Voluntary Petition for Bankruptcy seeking to reorganize pursuant to Subchapter V of the Bankruptcy Code on March 26, 2022 [ECF Dkt. No.

1]. To date, the Debtor has continued in possession and is now maintaining and managing the bankruptcy estate. Following entry of the Court's Order of August 22, 2022 [ECF Dkt. No. 195], on September 30, 2022, the Debtor closed on a sale of substantially all assets of the entity, saving and excepting for certain accounts receivable and personal property, to Ernst & Young U.S. LLP for the Purchase price of $11,750,000. *See Report of Sale*, [ECF Dkt. No. 234]. This successful liquidation of the Debtor's underlying business formed the basis for the Debtor's *Plan of Reorganization for Small Business under Chapter 11* ("The Plan"), originally filed on June 24, 2022 [ECF Dkt. No. 131], which provides for payment of the Debtor's creditors in full. Following the closing on the sale of the Debtor's assets, the Court confirmed the Debtor's Plan on October 12, 2022. *See Order Confirming Frist Amended Enovational Corp. Plan of Reorganization for Small Business Under Chapter 11* [ECF Dkt. No. 255].

On March 29, 2022, the United States Trustee appointed Marc. E. Albert as Subchapter V trustee ("Trustee") pursuant to 11 U.S.C. § 1183 [ECF Dkt. No. 15] and Mr. Albert has continued to serve in that capacity through all aspects of this case. Additionally, following confirmation of the Debtor's Plan, the Trustee serves as disbursing agent under that Plan.

**II.    SERVICES RENDERED**

During the period covered by this application, the Trustee (1) reviewed documents and information related to the Debtor on the matter; (2) reviewed and responded to the fee application prepared by the Debtor's counsel; (3) monitored the status and reviewed filings in an adversary proceeding brought by the Debtor against the State of Maryland (Adversary Proceeding No. 22-10014); (4) reviewed the Debtor's shareholder's Motion to Compel Payment of Pass-Through Taxes and filed opposition and stipulation of facts to same (5) reviewed existing claims and contact possible claim purchaser regarding distributions; (6) monitored and discussed tax issues with the

Debtor and the bankruptcy estate's accountant; (7) provided feedback on the status of the case to various interested parties; and (8) corresponded with the Debtor and Debtor's counsel to ensure timely compliance with various matters following confirmation of the Plan. These services were necessary and required under § 1183(b)(1), (3) and (7) based on the continued role of the Trustee as trustee and disbursing agent in accordance with the terms of the confirmed Plan.

### III.  PRIOR APPLICATIONS FOR COMPENSATION

This is the fourth interim application for compensation for the Trustee. Previously the Trustee filed the first interim application for compensation for the period of March 27, 2022 through October 6, 2022 on October 12, 2022 [ECF Dkt. No. 256]. On November 2, 2022, the Court entered an Order approving the Trustee's first interim application approving $101,325.00 in fees and $0.00 in expenses [ECF Dkt. No. 278]. On February 23, 2023, the Trustee filed the second interim application for compensation for the period of October 7, 2022 through January 31, 2023 [ECF Dkt. No. 314]. On March 17, 2023, the Court entered an Order approving the Trustee's second interim application approving $23,375.00 in fees and $135.72 in expenses [ECF Dkt. No. 319]. On November 1, 2023, the Trustee filed the third interim application for compensation for the period of February 1, 2023 through September 30, 2023 [ECF Dkt. No. 330]. On November 28, 2023, the Court entered an Order approving the Trustee's third interim application approving $44,400.00 in fees and $114.64 in expenses [ECF Dkt. No. 331].

### IV.  INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, the Trustee discloses that he has not received a retainer, but, pursuant to the May 3, 2022 Order Granting Application of Subchapter V Trustee for Post-Petition Security Deposit for Trustee Services [ECF Dkt. No. 100], previously was receiving weekly payments of $2,500 from the Debtor for use as compensation for the Trustee, which the Trustee held in escrow pending approval of his compensation by the Court.

These payments ceased upon confirmation of The Plan and the existing balance of those funds were used to partially satisfy the fees approved in his first interim application. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein and as described in the Plan.[1] No compensation received has been shared. There is no understanding between the Trustee and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

V.    **VALUE OF SERVICES**

A.    **Computation of Value**

The services rendered were important, necessary, valuable, constructive, positive and reasonable, and were all rendered with the objective of benefiting this estate and its creditors. The expenses incurred in services provided by the Trustee were reasonable and necessary and in line with the duties of the Trustee specified in 11 U.S.C. § 1183.

The fees charged and expenses advanced by the Trustee during this application period, using the "lodestar" method of fee computation, are:

| Fees | Expenses |
|---|---|
| $12,825.00 | $356.08 |

Copies of the records of the time entries made by The Trustee are attached hereto as **Exhibit A**. The Trustee's hourly rate set forth in the Amended Verified Statement of Marc E. Albert filed with the Court on April 19, 2022, is $750.00, which when applying a "lodestar"

---

[1] The Plan provides for payment in full of all administrative expense claims, including all Court-approved professional fees, on the effective date of the Plan, or as agreed upon by the holder of the claim and Debtor.

analysis for the 17.1 hours of time spent by the Trustee for his services, would yield fees incurred totaling $12,825.00.

  B. **Identification of Professionals Rendering Service**

Services were rendered by Marc E. Albert, the Trustee ($750.00/hour).

VI. **EVALUATION STANDARDS**

Compensation to a trustee in a subchapter V case is excepted from the disbursement-based formula for calculation of trustee compensation under other sections of the Code found in Bankruptcy Code § 326(a). *See In re Tri-State Roofing*, Case No. 20-40188, Idaho Bankruptcy Court (decided 12/07/2020, Doc. 86). As further provided in the United States Trustee's *Handbook for Small Business Chapter 11 Subchapter V Trustees*:

> Case-by-case trustees are compensated through § 330(a)(1)(A) which allows for "reasonable compensation for actual, necessary services rendered by the trustee … and by any paraprofessional person employed by any such person." In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
>  a. the time spent on such services;
>  b. the rates charged for such services;
>  c. whether the services were necessary to the administration of the case, or beneficial at the time at which the services were rendered; and
>  d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

*Handbook for Small Business Chapter 11 Subchapter V Trustees* at 3-22, 3-21.

While this case falls under the "small business" provisions provided by the Code in Subchapter V, the Trustee notes that the size and scale of the Debtor's business, as reflected in the considerable purchase price obtained by the Debtor for its assets, is substantially larger than what would typically be found in a Subchapter V case, and a number of issues arose in this case as

would be expected when dealing with the large sums of money on the table for creditor disbursements. Based on the foregoing factors and considering the number of issues arising in the case as a result of the size of the Debtor's business, the Trustee submits that the compensation sought herein, as supported by the attached time records, is reasonable considering the complex nature of this subchapter V case and the services required of the Trustee.

The trustee further confirms that the Debtor estate presently has sufficient funds to pay for the fees included herein. In addition to funds held by Debtor, Trustee is holding the amount of $261,156.28 in which the Trustee will apply said award against the funds held by Trustee.

## VII. FURTHER APPLICATION

This is a fourth interim fee application of the Chapter 11 Subchapter V Trustee. Under Section 10.04 of the Plan, the Trustee is to continue his service with respect to the Debtor following Confirmation through December 30, 2024, and is to continue performing all duties traditionally attendant to such a trusteeship while the debtor pursues collection of certain accounts receivable retained by the Debtor, as well as to act as a disbursing agent for all payments due and owing pursuant to the Plan. The Trustee anticipates filing additional applications for compensation for these post-Confirmation services as they are completed.

## VIII. REIMBURSEMENT OF EXPENSES

Expense reimbursement is sought herein in the amount of $356.08. An itemized list of the expenses is attached to Exhibit A. Except for expenses listed in the amount charged by the vendor of the service or time to the Trustee, each charge is in an amount reflecting Trustee's firm's ordinary rate of charge.

**WHEREFORE**, for all of the foregoing reasons, the Trustee requests that this Court enter an order:

  a. approving the compensation as sought herein;

  b. granting such other and further relief as this Court may deem just, equitable and proper.

Dated:  October 28, 2024       Respectfully submitted,

              <u>/s/Marc E. Albert</u>
              Marc. E. Albert, No. 345181
              Stinson LLP
              1775 Pennsylvania Ave., N.W., Suite 800
              Washington, D.C. 20006
              Tel:  (202) 728-3023
              Fax:  (202) 572-9943
              marc.albert@stinson.com
              *Subchapter V Trustee*

## **<u>CERTIFICATE OF SERVICE</u>**

 I hereby certify that a true and correct copy of the foregoing Trustee's Fourth Interim Application for Compensation and Reimbursement of Expenses to Subchapter V Trustee for the period from October 1, 2023 through September 30, 2024 was served by first class mail, postage prepaid on October 28, 2024, upon the following:

Paul Michael Schrader
Croessmann & Westberg, P.C.
8000 Towers Crescent Drive
Suite 1575
Vienna, VA 22182

BMW Financial Services
1400 City View Drive,
Columbus, OH 43215

Arthur P. Lander
300 N. Washington St. #104
Alexandria, VA 22314

Rizwan Ahmad Qureshi
Reed Smith LLP
1301 K Street NW
Ste 1000
Washington, DC 20005

Michael J Klima
Klima Peters & Daly, P.A.
8028 Ritchie Hwy
Suite 300

Seth Adam Robbins
Robbins Law Group, PLLC
1100 N. Glebe Road
Suite 1010

CORE/3518993.0015/193254219.1        7

Pasadena, MD 21122

J. David Folds
Baker Donelson
901 K Street NW
Suite 900
Washington, DC 2000

Maurice Belmont VerStandig
Mahlon Mowrer
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

Seamus Curley
Stroock & Stroock & Lavan LLP
1875 K Street, NW
Ste 800
Washington, DC 20006

Kristen S. Eustis
Michael T. Freeman
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314

Stephanie J. Bentley
McGuireWoods LLP
888 16th Street N.W.
Black Lives Matter Plaza
Ste 500
Washington, DC 20006

Evgueni Gavrilov
35 Quincy Place, NW
#2
Washington, DC 20001

Arlington, VA 22201

Justin Philip Fasano
McNamee Hosea, P.A.
6404 Ivy Lane
Ste 820
Greenbelt, MD 22070

David S. Musgrave
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202

Sherry J. Millman
Harold A. Olsen
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

Jill Diane Caravaggio
Law Office of Jill D. Caravaggio
11116 Innsbrook Way
Suite B
Ijamsville, MD 21754

Douglas Michael Foley
Kaufman & Canoles, P.C.
Two James Center
1021 East Cary Street
Suite 1300
Richmond, VA 23219

George Reyes
13149 Penndale Ln
Fairfax, VA 2203

        /s/Marc E. Albert
        Marc E. Albert

CORE/3518993.0015/193254219.1     8