Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-55-ELG |
| | ) | (Chapter 11) |
| ENOVATIONAL CORP. | ) | |
| | ) | |
| Debtor. | ) | |

## MOTION TO AMEND CONFIRMED PLAN OF REORGANIZATION

Comes now Enovational Corp. ("Enovational" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Section 1193 of Title 11 of the United States Code, and moves to amend the plan of reorganization (the "Plan," as found at DE #168) confirmed by this Honorable Court on October 12, 2022 (the "Confirmation Order," as found at DE #255), as previously amended on November 27, 2024 (the "Prior Amendment," as found at DE #351) and in support thereof states as follows:

The Plan (as previously amended) provides for Enovational's accounts receivable, and litigation rights against the State of Maryland, to remain assets of the bankruptcy estate to and through December 30, 2025, while also providing for the services of the Subchapter V trustee to terminate on the same date. *See* Plan, DE #168, at §§ 10.01; 10.03-10.04; DE #351. When the Plan was proposed more than two years ago, the close of 2024 appeared to be a conservative outside date by which Enovational's bankruptcy proceedings would be concluded, and the date was accordingly proposed to meet the complementary needs of (i) setting a date certain by which

1

undistributed assets would revest in the Reorganized Debtor; (ii) setting a date by which the Subchapter V trustee would be relieved of her obligations; and (iii) ensuring the date was far enough removed as to not materially interfere with post-confirmation activities.

Last year, the Debtor came to appreciate litigation may pend beyond this date and, accordingly, moved to amend the Plan. DE #344. The close of 2024 became the close of 2025. DE #351.

Yet, as the 2025 calendar wanes, there is increasing reason to believe Enovational's litigation against the State of Maryland may not actually conclude before a giant ball descends over Times Square. Maryland chose to withdraw from mediation—before ever making a single offer—in bad faith and, worse, appears to have at-least-inadvertently used the prosper of mediation as reason to encourage the delayed issuance of a ruling on a pending summary judgment motion. And so prudence now dictates that arrangements be made to continue the trustee's services, and to keep receivables and litigation claims within the estate, further into the future.

Under Title 11 of the United States Code (the "Bankruptcy Code"), a confirmed Subchapter V plan may be amended after confirmation:

> If a plan has been confirmed under section 1191(a) of this title, the debtor may modify the plan at any time after confirmation of the plan and before substantial consummation of the plan, but may not modify the plan so that the plan as modified fails to meet the requirements of sections 1122 and 1123 of this title, with the exception of subsection (a)(8) of such section 1123. The plan, as modified under this subsection, becomes the plan only if circumstances warrant the modification and the court, after notice and a hearing, confirms the plan as modified under section 1191(a) of this title.

11 U.S.C. § 1193(b).

Here, Enovational simply proposes to amend Sections 10.01, 10.03, and 10.04 of the Plan to strike the number "2025" and replace it with the number "2026." Should litigation with Maryland still be ongoing in another year's time (which is certainly possible, especially should

any appellate activity follow entry of a judgment), Enovational will file a subsequent motion to amend the Plan, so as to further move the relevant vesting dates into the future. However, while it may not be overwhelmingly likely that this case will find finality in 2025, there is a greater cautious optimism that 2026 will prove the year in which final distributions are made to creditors and an order is entered closing this chapter 11 case.

WHEREFORE, Enovational respectfully prays this Honorable Court (i) deem Sections 10.01, 10.03 and 10.04 of the Plan amended such that the number "2025" is stricken and replaced with the number "2026;" and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 1, 2025        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

.

/s/ Maurice B. VerStandig
Maurice B. VerStandig